NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3423

ISIDORA RODRIGUEZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  February 23, 2005

_____

Before NEWMAN, MAYER, and CLEVENGER, Circuit Judges.

PER CURIAM.


Isidora Rodriguez petitions for review of the decision of the Merit Systems Protection

Board, Docket No. DC0831030688-I-1, affirming the decision of the Office of Personnel

Management that her request for reconsideration of a decision denying her survivor's

benefits was untimely.  We affirm the decision of the Board.

BACKGROUND

Mrs. Rodriguez applied to OPM for survivor's benefits based on her deceased husband's federal service. Mr. Rodriguez retired from the Panama Canal Company in 1972 and elected to have his retirement annuity reduced in order to provide for a survivor's annuity for his then wife, Otilia Rodriguez. In 1982 Mr. Rodriguez wrote to OPM informing them that his wife had died and requesting that the deductions for a survivor annuity be discontinued. In 1987 Mr. Rodriguez married Isidora Rodriguez, the petitioner in this case. He died on March 10, 1989.

In November 2002 Mrs. Rodriguez wrote to OPM requesting a survivor annuity based on her husband's federal service. OPM denied the benefits because Mrs. Rodriguez married her husband after he had retired and he failed to elect to provide for such an annuity. OPM issued it's decision on December 19, 2002, and informed Mrs. Rodriguez that she could request reconsideration but that such a request had to be received by OPM within 30 days of her receipt of the decision. Mrs. Rodriguez was also informed that the 30-day deadline could be extended only if she "was not notified of the time limit and [was] not otherwise aware of it" or was "prevented from responding by a cause beyond [her] control." The request for reconsideration was due at OPM by January 21, 2003.

Mrs. Rodriguez requested reconsideration, by request postmarked March 7, 2003. Thus it was 45 days beyond the time limit. Since the request for reconsideration contained no explanation of the untimely filing, OPM dismissed it for lack of timeliness. Mrs. Rodriguez appealed OPM's dismissal of her request for reconsideration to the Board. In her appeal, Mrs. Rodriguez stated that she had lost some relevant papers in an automobile accident and had only recently recovered them. She included a physician's statement to

04-3423                                    2

corroborate that assertion. However, the AJ noted that, according to her submissions, the accident had occurred on June 9, 2003, a date later than both the deadline for submitting the request for reconsideration and the March 7, 2003 postmark of her request for reconsideration. The AJ on October 16, 2003 affirmed OPM's decision.

On October 16, 2003, the Board received a letter from Mrs. Rodriguez setting forth an explanation for the late filing. The letter was dated September 19, 2003 and postmarked October 7. The letter states that the OPM initial decision was not delivered to Mrs. Rodriguez promptly because of an error in the local post office, and that this, and the need to have it translated, prevented her from filing in a timely manner. The letter does not provide any further details, such as the date she finally received the OPM decision. Since the letter arrived well after the deadline the Board had initially established for Mrs. Rodriguez to submit her explanation, that is, January 21, 2003, and the AJ's decision had issued on October 16, 2003, the Board did not take it into consideration. The full Board declined review, and this appeal followed.

## DISCUSSION

Although both OPM and the Board have discretion to waive untimely requests for reconsideration, upon good cause shown, see 5 C.F.R. §831.109(e)(2), in this case the agencies acted within their discretion to decline such waiver. As of the date of the Board's initial decision, Mrs. Rodriguez had provided no explanation for the late filing of her request to OPM for reconsideration, although she had been notified of these requirements. Under those circumstances, OPM regulations support the refusal to receive the request.

Nor did the Board err in refusing to consider the explanation that arrived on October 16, 2003, the day of the Board's initial decision. Mrs. Rodriguez had been on notice that

she had to explain the late filing, not only in OPM's decision of December 19, 2002, but again when OPM dismissed her request for reconsideration on May 19, 2003. She has offered no adequate explanation of these tardy actions.

No costs.